## M. M. BRIEN, SR., *vs.* JORDAN MARSH & others.

### April Term, 1874.

PLEAS, THOUGH INSUFFICIENT, ALLOWED TO STAND FOR AN ANSWER.—Pleas, insufficient as such but containing matter of defense to the bill, held sufficient to sustain a motion to dissolve an injunction, and ordered to stand for an answer, with permission to the complainant to move for leave to except, and to the defendant to move for leave to file a more formal answer.

TAX TITLE—INADEQUACY OF CONSIDERATION.—A court of equity will scrutinize a title derived under a tax sale, and, ordinarily, refuse to aid it on account of the gross inadequacy of consideration.

TAX TITLE.—*Semble*, a person in whose name land is listed for taxes, or who is in possession claiming title when the taxes are a lien, or who occupies such a fiduciary relation as to make it his duty to pay the taxes, can acquire no additional title by purchasing at the tax sale.

*M. M. Brien, Sr.*, for self.

——— *Helms*, for defendants.

40

THE CHANCELLOR :—Bill filed 27th of March, 1874, and alleges, in substance, that defendants Jordan Marsh & others filed their attachment bills in this court in 1867 against H. S. Bateman and wife, as creditors of said Bateman, attacking the conveyance of a house and lot in Nashville by Bateman to his wife as fraudulent, and seeking to subject said realty to the satisfaction of their debts. That such proceedings were had in said cause, that in 1872 a decree was rendered declaring the conveyance attacked fraudulent and void, and subjecting the said house and lot to the satisfaction of the complainant's debts. That Mrs. Bateman appealed from this decree to the supreme court where the case is still pending. That the said house and lot were attached in said cause, but no receiver was asked for in the bill.

The complainant further alleges that on the 1st of July, 1872, he became the purchaser of said house and lot at a sale made thereof for taxes at the price of $23.25, and took a deed therefor, and brought an action of ejectment, and at the September term, 1873, recovered a judgment against H. S. Bateman, the tenant in possession, on which a writ of possession issued, and he was put in possession of said property. That, notwithstanding these facts, on the 19th of February, 1874, the supreme court, upon the application of Jordan Marsh & others, appointed F. C. Dunnington, the clerk of said court, receiver, and ordered him to take possession of said property and rent it out, and, if necessary, issue a writ of possession. That said Jordan Marsh & others have not given any bond, and are non-residents ; that H. S. Bateman has been discharged as a bankrupt, and his wife is insolvent. The complainant insists that the order of the supreme court is, void, and that he would be seriously injured by its execution, and he prayed for an injunction, which was granted.

The defendant has filed two pleas to this bill, one to the jurisdiction of the court, and the other in bar.

The first of these pleas is, in substance, that Jordan Marsh & Co. did file their bill against Bateman and wife at the

time, and for the purpose alleged, and seeking to subject said land to complainant's debts upon the ground that said H. S. Bateman had fraudulently conveyed said land to complainant Brien, who then conveyed the same to Bateman's wife; that shortly afterwards the defendants, Gaston and Stowell, filed their bill against the same defendants, and against M. M. Brien, Sr., the present complainant, upon the same grounds as set forth in the bill of Jordan Marsh & Co., and for the same purpose; that by an order made by consent of parties, the first case was to abide the event of the second; that Bateman and wife answered the bill in that cause, and it was taken for confessed against complainant Brien; that a decree was rendered and an appeal taken as alleged; that said cause, wherein the said Brien is a party, is now pending in said supreme court, a court competent to determine the matters in question in this suit, and the defendants submit whether the pendency of said proceedings is not a bar to the jurisdiction of this court.

The other plea is, in substance, that complainant Brien was the attorney of Bateman and wife in the case in the chancery and supreme court, the order in which is sought to be enjoined; that, as their counsel, he appeared and resisted the motion made for the appointment of a receiver, and filed a written brief in which he argued:

1st. That the court had no original jurisdiction to appoint a receiver.

2d. That it was not a proper case for a receiver.

3d. That pending the litigation the property had been sold for taxes and bought by M. M. Brien, Sr., who had, after the time for redemption had run out, taken a deed, and brought his action of ejectment, and recovered the possession of the property, and neither complainants or defendants have now any interest in the same.

All which matters and things the said defendants do plead in bar of complainant's right to maintain his said bill.

No question has been made as to the right of the defendants to file two pleas to the whole bill at one and the same

time, nor to the effect of filing a plea in bar on a prior plea to the jurisdiction. The pleas, as I understand, have been simply submitted to me on their sufficiency.

The first plea is, in substance, that the present complainant is a party defendant to the suit pending in the supreme court in which the receiver was appointed, and that that court is competent to determine the matters in question in this suit. If the plea is to be taken as a plea of a former suit pending in another court of equity of competent jurisdiction, then it is fatally defective. For such a plea must state, not only that the same issue is joined in the former suit as in the suit now before the court, and that the subject matter is the same, but also that the proceedings in the former suit were taken for the same purpose. Sto. Eq. Pl., § 737. Of course this is not done, nor could it be done, since the title acquired by the complainant, and under which he files this bill, was perfected after the former suit had been taken by appeal to the supreme court. The plea, as a plea to the jurisdiction, is defective in form, and insufficient in substance, and must be disallowed. But the matters of fact alleged in the plea are material to the defendants' interests, and the plea will, therefore, be ordered to stand for an answer.

The second plea is, in brief, that the present complainant appeared as the solicitor of the Batemans in the suit in which the receiver was appointed, both in the chancery and supreme courts, and in resisting the motion for the appointment of a receiver, relied upon the very matters upon which his bill is based. But it is obvious that the supreme court could only act upon the facts in the record, and could not notice a title acquired long after the commencement of that suit. Upon the record before them, with the additional fact that the rents of the property were needed to pay the debts of the complainants, that court might well say that a receivership was proper, without passing upon the present complainant's rights not then properly before them. That the complainant insisted upon this title in argument, is no sufficient matter

for a plea in bar. But the fact that the complainant was the solicitor of the Batemans throughout that litigation, is material to the interests of the defendants in this suit. This plea, also, will therefore stand for an answer.

A plea is usually ordered to stand for an answer, where it states matters which may be a defense to the bill, although perhaps not proper for a plea, or informally pleaded. Sto. Eq. Pl., § 699 ; *Orcutt* v. *Orms*, 3 Paige, 459 and cases cited. Usually, only a single plea is filed and ordered to stand for an answer, but no reason occurs why, if the defendants have, by order of the court or acquiescence of the complainant, filed more than one plea, the same course may not be pursued. If the plea be to the whole bill and is ordered to stand for an answer, it is allowed to be a sufficient answer unless liberty is given to except. *Sellons* v. *Lewen*, 3 P. W., 239 ; *Maitland* v. *Wilson*, 3 Atk., 814. It remains to be considered whether the order in this case should be with or without such leave.

The complainant comes into this court to be protected in the possession of land, against the order of another court appointing a receiver, upon the ground that, pending that suit, the land has been sold for taxes, and that he has become the purchaser and recovered possession by ejectment at law, the amount thus bid by him being $23.25. Upon the face of the bill he appears to be an innocent third person, not in any way connected with the litigation in which the receiver has been appointed. The pleas show that he is a party defendant to that suit, and the solicitor of the other defendants. If these facts constitute a complete defense to the equity of his bill, then no further answer is necessary, and liberty to except need not be given.

Nothing is better settled than that a court of equity will, as a general rule, make a thorough and close scrutiny into a title derived under a tax sale whenever such title comes before it. *Douglass* v. *Dangerfield*, 10 Ohio, 152 ; *Yancy* v. *Hopkins*, 1 Munf., 419 ; *Blakeny* v. *Ferguson*, 3 Eng.— (Ark.)—277, and this upon the ground of the gross inade-

quacy of consideration, a sufficient ground, even in cases of private and express contract, to repel a purchaser from the court who is seeking to enforce such contract against the owner of the property. Upon this ground alone the complainant must lose the aid of a court of equity as between him and the defendants Bateman and wife, who are , the original owners. And it may be, also, that this is a sufficccient ground to repel him in a contest with the other defendants, the creditors of Bateman, who have acquired a lien on the property in a suit to which he was a party and of counsel. The rights of lien creditors in the matter of tax sales, have been repeatedly recognized by the courts. *Gillett* v. *Webster*, 15 Ohio. 623; *O'Brien* v. *Coulter*, 2 Blackf., 421; *Brandon* v. *Yancy*, 1 Dev. Eq., 77.

Beyond all qestion, also, if complainant were the solicitor of Mrs. Bateman in said suit, his purchase at the tax sale of the very property in controversy, would inure to her benefit. He would hold the legal title for her. He is incompetent to deal with the property for himself, and his purchase would be, in legal effect, her purchase. But it is well settled that a person in whose name land is listed for taxes, or who is in possession claiming title when the taxes are a lien, or who occupies such a fiduciary relation as to make it his duty to pay the taxes, can acquire no additional title by purchasing the land at the tax sale. See Blackwell on Tax Titles, pp. 399, 400, and cases cited. Upon this ground, the facts recited in the pleas meet the equity of the bill.

It seems to me, therefore, that no further answer is required. But inasmuch as the practice of allowing a plea to stand for an answer is unusual with us, the complainant may move for leave to except, and the defendants for leave to file a more formal and complete answer, if either sees proper so to do.

The injunction in this case was granted upon the facts stated in the bill, which make out a case of an innocent third purchaser at the tax sale. Even in such case it is doubtful whether equity should interfere, in view of the inad-

equacy of the consideration of the purchase. But the facts set out in the pleas under oath, which are ordered to stand for an answer, fully meet all the equity of the bill, and the injunction must, therefore, be dissolved.